UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.

CRAIG CARTON and MICHAEL WRIGHT,

                              Defendants.

Case No. 17 Cr. 680 (CM)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT CRAIG CARTON'S MOTION FOR SEVERANCE

GOTTLIEB & JANEY LLP
111 Broadway, Suite 701
New York, NY 10006
Tel.: (212) 566-7766
Fax: (212) 374-1506

*Attorneys for Defendant
Craig Carton*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ iii

I.    PRELIMINARY STATEMENT ....................................................................... 1

II.   FACTUAL BACKGROUND ............................................................................ 4

III.  ARGUMENT ..................................................................................................... 6

      A.  Severance Should Be Granted Because a Joint Trial Will Result in Undue
          Prejudice to Mr. Carton and Deny Mr. Carton His Constitutional Right to a
          Fair Trial .................................................................................................... 6

      B.  A Joint Trial Will Result In Evidentiary Obstacles Which Also Mandate a
          Severance As Limiting Instructions Will Not Suffice ............................... 11

IV.   CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

Page

**Constitutional Provisions**

U.S. CONST. amend. VI ………………………………………………..……1, 6, 13

**Rules and Statutes**

15 U.S.C. § 78ff…………………………………………………………….......4

15 U.S.C. § 78ff ……………………………………………………….…....…4

18 U.S.C. § 2……………………………………………………………………4

18 U.S.C § 1343 ……………………………………………………………...4

17 C.F.R § 240.10b-5……………………………………………………….…4

Fed. R. Crim. P. 14(a)……………………………………………..…….1, 6, 13

S.E.C. Code 1085l…………………………………….…………………...4

**Cases**

*Bruton v. United States,*
      391 U.S. 123 (1968)…………………………………………………7

*Zafiro v. United States,*
      506 U.S. 534 (1993)………………………………………………7, 9

*United States v. Bellomo,*
      954 F.Supp. 630 (S.D.N.Y. 1997)…………………………………...7

*United States v. Boscia,*
      573 F.2d 827 (3d Cir.1978)………………………………………...7

*United States v. Casamento,*
      887 F.2d 1141 (2d Cir. 1989)……………………………………...7

*United States v. Copeland*,
    336 F.Supp.2d 223 (2004)...…………………………………………..……….…..2, 9, 10

*United States v. Grace*,
    439 F.Supp.2d 1125 (D. Mont. 2006)…………………………………………..………7

*United States v. Page*,
    657 F.3d 126 (2d Cir. 2011)…………………………………………………………….7

*United States v. Serpoosh*,
    919 F.2d 835 (2d Cir. 1990)……………………………………………..…………………11

*United States v. Shkreli*,
    260 F.Supp.3d 247 (2017)……………………………………………….....8, 9, 11, 12, 13

*United States v. Van Hise*,
    No. S4 12 Cr. 847 (PGG), 2013 WL 6877319, at *12 (S.D.N.Y. Dec. 31, 2013)…….......10

*United States v. Walker*,
    142 F.3d 103 (2d Cir. 1998)……………………………………………………………..7

Defendant Craig Carton, by and through his undersigned counsel, Gottlieb & Janey LLP, hereby moves for a severance of the joint trial with co-defendant Michael Wright, pursuant to Federal Rule of Criminal Procedure 14(a) and the Sixth Amendment of the United States Constitution.

## I.  PRELIMINARY STATEMENT

Severance is mandated because a joint trial in this matter presents an extremely serious risk that Mr. Carton will suffer undue prejudice and be deprived of his due process rights and constitutional right to receive a fair trial under the Sixth Amendment.  Mr. Carton's co-defendant, Michael Wright, intends to present evidence[1]—via third-party witnesses— exculpating Mr. Wright and inculpating Mr. Carton.  More specifically, Mr. Wright's defense team intends, at a minimum, to introduce the following evidence:



---

[1] We have spoken to Mr. Wright's counsel regarding the evidence Mr. Wright intends to present at trial and their own planned motion for severance.  *See* Aff. of Robert C. Gottlieb annexed hereto.  We reserve our right to file a supplemental memorandum following receipt of Mr. Wright's motion.

[2] Mr. Davidoff is an attorney who previously represented Mr. Wright in this matter and was subject to a disqualification motion by the Government.

[3] Upon information and belief, Messrs. Molner and Meli are indicted under separate indictment in the Southern District of New York as part of a broader conspiracy.

1

Such actions by Mr. Wright's defense team forces Mr. Carton to face the prospect of two prosecutors—both the Government and Mr. Wright's counsel—which thereby substantially undermines Mr. Carton's constitutionally guaranteed right to a fair trial. A court in the Eastern District of New York, in a case on point—*United States v. Copeland*—underscored that severance is **mandated** when co-defendant's counsel intends to introduce evidence of the other defendant's guilt, as in the instant case:

> While mutually antagonistic defenses are not prejudicial *per se*,...the Second Circuit has determined that mutually antagonistic or irreconcilable defenses may be so prejudicial in some circumstances as to mandate severance....One such case may be where, as here, in effect, a defendant's counsel becomes a second prosecutor....severance is warranted when a co-defendant offers, a neutral third party's exculpatory...testimony implicating another co-defendant.

*United States v. Copeland*, 336 F.Supp.2d 223, 225 (2004) (citations omitted). The situation identified by the court in the Eastern District of New York is precisely the circumstance presented in the instant matter. Michael Wright has described and is organizing a defense replete with third-party witnesses that are expected to point the finger at Mr. Carton to try to show Mr. Carton's guilt for the charged conduct as the approach to show Mr. Wright's innocence.

For the avoidance of all doubt, Mr. Carton stands prepared to prove his innocence of the charged conduct; however, the point here is that under these circumstances, as elaborated below, Mr. Carton's trial rights are overwhelmed where his co-defendant in a joint trial becomes, in effect, a second prosecutor.

Our perspective about Michael Wright's planned defense is not mere speculation. Undersigned counsel has had conversations with Alan Futerfas, Esq., counsel for Mr. Wright, about his planned defense which includes evidence from third-party witnesses exculpating Mr. Wright and inculpating Mr. Carton. *See* Aff. of Robert C. Gottlieb, Esq. annexed hereto. ▪



Mr. Futerfas has also indicated to undersigned counsel, in sum and substance, that Mr. Wright's defense team is procuring an affidavit and testimony from Mr. Meli— ███████████ ████████████████████████████████████ Mr. Meli, a co-conspirator in the alleged scheme, was charged under separate indictment and has pleaded guilty and been sentenced to 78 months' imprisonment.

## II.   **FACTUAL BACKGROUND**

For many years, Mr. Carton was a successful, nationally renowned sports radio broadcaster, most recently on the "Boomer and Carton" show on WFAN- CBS Radio in New York. In addition to his radio broadcast career, Mr. Carton established a business acquiring tickets in bulk to live events, such as concerts, that were then resold on the secondary market. Mr. Carton's broadcasting career, and life, were irrevocably altered when he was arrested on September 6, 2017 and charged with (1) Conspiracy to Commit Securities Fraud and Wire Fraud in violation of 15 U.S.C. §§ 78j (b) & 78ff, 17 C.F.R § 240.10b-5; and 18 U.S.C § 1343; (2) Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2; and (3) Securities Fraud in violation of 15 U.S.C. §§ 78j (b) & 78ff, 17 C.F.R § 240.10b-5; and 18 U.S.C § 2.

Mr. Carton is alleged to have conspired with Michael Wright, and an individual not named in the Indictment, later learned to be Joseph Meli, in a scheme to solicit investments in a ticket resale business. In announcing his arrest, the Government stated that Mr. Carton defrauded his investors and had never, in fact, purchased tickets for the live events. As it turns out, subsequent to the arrest, even the Government now concedes that Mr. Carton managed a legitimate ticket business and had purchased and sold these tickets for years. Mr. Carton and Michael Wright are charged in the same indictment.

Mr. Meli was charged under a separate indictment No. 17 Cr. 127 (KMW), as part of a broader conspiracy which included losses of over $50 million. Mr. Meli pleaded guilty to securities fraud in violation of 15 U.S.C. §§ 78j(b) & 78ff, S.E.C. Code 1085l and 18 U.S.C. § 2, and was sentenced on April 3, 2018 to 78 months' imprisonment. As of this date, Mr. Meli has yet to begin serving his sentence and is scheduled to report on June 26, 2018.

4

Mr. Carton intends to vigorously defend himself against these charges at the upcoming trial.   However, he has since learned that in addition to defending himself against the Government, he also has to defend himself against Mr. Wright and his defense team, who is also trying to convict Mr. Carton of the charges in the Indictment, as part of their defense strategy. According to Mr. Wright's attorney, Mr. Wright intends to present evidence, including third-party witnesses, exculpating Mr. Wright and inculpating Mr. Carton.   *See* Aff. of Robert C. Gottlieb.

One of the witnesses Mr. Wright intends to call on his behalf is the attorney Jonathan Davidoff.  Mr. Davidoff is the prior attorney for Mr. Wright in the instant matter and was subject to a disqualification motion by the Government because he possessed information pertinent to the charges (*see* Dkt. Entry 25) and was an investor in a scheme conducted by David Molner and Mr. Meli, alleged co-conspirators in the instant scheme to solicit investments in bulk ticket purchases to live events to be resold on the secondary market through Advance Entertainment, LLC ("Advance Entertainment")—a company run by Mr. Meli.  In furtherance of Mr. Davidoff's claims that he was a victim of the scheme run by Messrs. Molner and Meli, in the spring of 2017—before the arrest of Messrs. Carton and Wright—Mr. Davidoff filed a civil lawsuit in the Supreme Court of the State of New York, County of New York under Index No. 154462/2017 against Mr. Molner claiming that Mr. Molner made false representations to the investors to induce them to invest in Advance Entertainment through the fraudulent ticket resale scheme in which Mr. Molner was a participant.  Mr. Carton is not a party this lawsuit.  In addition to Mr. Davidoff's role as Mr. Wright's attorney and an investor in the scheme by Messrs. Molner and Meli, Mr. Davidoff also had significant interactions with Mr. Carton over the years wherein

5

certain communications between them are confidential, protected by the attorney-client privilege[4].

Mr. Wright's defense team also intends to call Mr. Meli as a witness. ████████████ ████████████████████████████████████████████████████████████ On the basis of these facts, Mr. Carton submits that Michael Wright's defense strategy is not mere finger-pointing but creates a mutually exclusive dynamic for the jury: in order to accept Michael Wright's defense, the jury must necessarily convict Mr. Carton.

### III.   ARGUMENT

#### A.   Severance Should Be Granted Because Mr. Wright's Defense Team Intends to Act as a Second Prosecutor And a Joint Trial Will Result In Undue Prejudice to Mr. Carton And Deny Mr. Carton His Constitutional Right to a Fair Trial

Rule 14(a) of the Federal Rule of Criminal Procedure provides: "If the joinder of offenses or defendants in an indictment, an information, or *a consolidation for trial appears to prejudice a defendant* or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a) (emphasis added). Further, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." U.S. Const. Amend. VI.   Here, where the facts clearly demonstrate Mr. Wright's defense team intends to act as a second prosecutor, severance is the only just decision in order to preserve Mr. Carton's right to a fair trial.

While a joint trial might promote economy and efficiency, it should only be used "where these objectives can be achieved without substantial prejudice to the right of the defendants to a

---

[4] We are aware that Mr. Davidoff's testimony may raise attorney-client privilege issues, and as the issue ripens, we will make the appropriate motion.

fair trial." *Bruton v. United States*, 391 U.S. 123, 131 (1968). The Supreme Court has stated that severance is appropriate where "**there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.**" *Zafiro v. United States*, 506 U.S. 534, 539 (1993). (emphasis added). "The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here. When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary…" *Id.* The decision of whether to sever a trial is committed to the sound discretion of the district court. *Id.* at 541. The defendant must prove that "prejudice would be so great as to deprive him of his right to a fair trial." *United States v. Bellomo*, 954 F.Supp. 630, 649 (S.D.N.Y. 1997) (citing *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989)). "In addition, "[a] defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (quoting *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998)). Mr. Carton respectfully submits that the necessary showing of sufficient prejudice mandating severance here is palpable on its face.

Even if it were more economical or efficient to hold a joint trial, "[o]f course, no defendant should ever be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than in protracted multiple trials." *United States v. Boscia*, 573 F.2d 827, 833 (3d Cir.1978). "**The joint trial does not serve its intended purpose of promoting judicial economy where there is so great a likelihood of unfair prejudice to at least one defendant.**" *United States v. Grace*, 439 F.Supp.2d 1125, 1148 (D. Mont. 2006) (emphasis added).

7

Although joint trials are strongly favored, the unique circumstances of this case warrant a severance as the preference for judicial economy is strongly outweighed by the potential prejudice to Mr. Carton. Mr. Carton will be forced to wage a battle on two fronts—the Government, on the one hand, and Michael Wright's defense team sitting next to him during the trial team on the other. The obvious harm here, among other things, relates to the jury's ability to make a reliable judgment as to guilt or innocence given the potential circus likely to ensue from Mr. Wright's intended approach at trial. It is unreasonable to expect a jury will be able to effectively discern key issues and evidence given the in-fighting between counsel for Mr. Carton and counsel for Mr. Wright, on the one hand, and the Government as to both of them, on the other hand. Further, any in-fighting between counsel for Mr. Carton and counsel for Mr. Wright, may be unfairly interpreted by the jury as evidence of guilt as to both.

Judge Kiyo A. Matsumoto in the Eastern District of New York recently considered an analogous factual scenario in *United States v. Shkreli*, 260 F.Supp.3d 247 (2017). Defendant Martin Shkreli was the managing member of two hedge funds as well as CEO of a publically traded biopharmaceutical company. His co-defendant Evan Greebel, was outside counsel for the funds and company. Greebel's defense team intended to proffer evidence of Shkreli's purported lies, deceptions, and misrepresentations, as well as argue that Shkreli is guilty as charged. Thus, in *Shkreli*, both defendants filed a motion for severance and the court held that severance was mandated as Shkreli's constitutional right to a fair trial was at jeopardy given Greebel's intended plan to act as a second prosecutor and present evidence of Shkreli's guilt. Importantly, the court stated that a joint trial would place on Shkreli "an unfair and heavy burden of defending himself against both the government and Greebel" and a severance of trials was warranted and necessary to prevent substantial prejudice to Shkreli's constitutional right to a fair trial. *Id.* "Through such

double prosecution of Shkreli by the government and Greebel, there is a serious risk that the jury would be prevented from making a reliable judgment about guilt or innocence even with limiting instructions by the court." *Id.* (quoting *Zafiro,* 506 U.S. at 539).

To further inform this Court, the court in *Shkreli* found that Shkreli's right to a fair trial was impugned for these reasons: (1) a joint trial would present a serious risk that Shkreli will not receive a constitutionally fair trial (*Shkreli,* supra. at 256); (2) a joint trial would place on Shkreli an unfair and heavy burden in defending himself against both the government and Greebel (*Shkreli,* supra. at 256); (3) the underlying theme of Greebel's defense would be that Shkreli lied and is guilty, thus permeating a joint trial to the substantial prejudice of Shkreli *(Shkreli,* supra. at 256); (4) through double prosecution of Shkreli there is a serious risk that the jury would be prevented from making a reliable judgment about guilt or innocence even with limiting instructions by the court (*Shkreli,* supra. at 256); (5) the defenses amounted to more than simple finger pointing by two defendants, but rather a realistic scenario where Shkreli would face two prosecutors and have to wage a defense on two fronts (*Shkreli,* supra. at 257); (6) the jury's ability to make a reliable judgment may be affected by the compounded effect of hearing evidence of Shkreli's guilt twice—once from the government and then again from Greebel (*Shkreli,* supra. at 257); and (7) in circumstances where judicial economy is butting up against a defendant's right to a fair trial, judicial economy must give way to fairness (*Shkreli,* supra. at 257).

That Mr. Wright intends to call third-party witnesses to inculpate Mr. Carton, in particular, supports the severance motion here. The Eastern District of New York considered a situation akin to the circumstances presented here in *United States v. Copeland*, 336 F.Supp.2d 223 (E.D.N.Y. 2004). In *Copeland,* three defendants—Vasquez, Copeland, and Rivers—were

scheduled to be tried jointly for robbery.  However, Vasquez intended to elicit testimony from one or more **non-party witnesses** identifying Copeland and Rivers—not Vazquez—as participants in the crime.  The Court held severance was warranted because defendant's counsel would become a second prosecutor when offering a "**neutral third party's exculpatory testimony implicating another codefendant.**"  *Id.* at 225  (emphasis added).  Notably, the court in *Copeland* held that **prejudice stemming from a neutral third party's testimony is far more prejudicial than mere self-serving finger-pointing testimony by co-defendants.**  *Id.* at 225 (emphasis added).   Lastly, the court found that a limiting instruction could not effectively mitigate such prejudice.  *Id.* at 225.

Here, Mr. Carton is faced with the identical scenario. Mr. Wright plans to present evidence, through third-party witnesses, in an effort to exculpate Mr. Wright and implicate Mr. Carton.  As the court in *Copeland* noted, this is far more prejudicial than if merely Mr. Wright were to provide testimony inculpating Mr. Carton.  Thus, this is more than just Mr. Wright finger pointing at Mr. Carton.   This is Mr. Wright offering evidence, in the form of third-party witnesses who were participants in the alleged scheme, of Mr. Wright's innocence and specifically inculpating Mr. Carton. The prejudice Mr. Carton would suffer would not be mitigated by a limiting instruction to the jury because it is unreasonable to think a jury would be able to make a reliable judgment about guilt or innocence following the in-fighting by Messrs. Carton and Wright, as well as the presentation of evidence by Mr. Wright of Mr. Carton's guilt.

A court in the Southern District of New York has held that severance "should be granted when antagonism at the essence of the defenses prevails to such a degree—even without being mutually exclusive—that the jury unjustifiably infers that the conflict alone indicated that both defendants were guilty."  *United States v. Van Hise*, No. S4 12 Cr. 847 (PGG), 2013 WL

6877319, at *12 (S.D.N.Y. Dec. 31, 2013) (citing *United States v. Serpoosh*, 919 F.2d 835 (2d Cir. 1990)).



Mr. Wright will offer this evidence, which the Government will surely use to further argue Mr. Carton's guilt. The underlying theme of Mr. Wright's defense will be presenting evidence and witnesses inculpating Mr. Carton and exculpating Mr. Wright. For this exact reason, the court in *Shkreli* granted a severance because Greebel intended to argue and present evidence that his co-defendant was in fact guilty of the charged crime, thus creating a second prosecutor. *Shkreli*, 260 F.Supp.3d at 256.

### B.  A Joint Trial Will Result In Evidentiary Obstacles Which Also Mandate a Severance As Limiting Instructions Will Not Suffice

As the court in *Shkreli* expressed, a joint trial in this case will lead to frequent objections during the trial and evidentiary sideshows, not just between the Government and each defendant, but also between the co-defendants. The court in *Shkreli* stated:

11

> Constant objections during opening statements, witness examinations and cross-examination, followed by side bars, will disrupt the flow of the trial and increase the length of the trial, will likely confuse the jury in what is already a complex case, and may risk prompting the jury to find both defendants guilty based on each defendant's arguments that he was deceived by the other, instead of deciding the case based on the evidence presented. Thus, the court finds that from a trial management perspective and to prevent substantial prejudice and jury confusion, severance is warranted.

*Shkreli*, 260 F. Supp.3d at 256-257.  Such evidential sideshows will distract the jury, prejudice Mr. Carton, and substantially increase the length of the trial.  There will be enhanced sparring between counsel for Mr. Carton and Mr. Wright, as Mr. Wright's counsel will serve as a second prosecutor in the trial.  There will likely be multiple occurrences when one co-defendant will be attempting to introduce evidence that the other co-defendant will be attempting to keep out of the trial.  Likewise, there will likely be multiple instances when one co-defendant will be attempting to preclude the Government's evidence against the other co-defendant because the admission of such evidence may damage the codefendant's case.  These obstacles are exactly what Judge Matsumoto sought to avoid in *Shkreli* and similarly the Court should seek to avoid here.

While we have no doubt in the Court's ability to issue appropriate limiting instructions when necessary, a joint trial will involve a host of issues that will arise that cannot be solved by limiting instructions.  For example, the constant in-fighting between counsel for Mr. Carton and counsel for Mr. Wright regarding the admissibility of evidence to be presented by Mr. Wright regarding Mr. Carton's guilt cannot be cured by a limiting instruction, as the inference of guilt will have already been made the jury.  The joint trial will make this complex trial even more difficult for everyone involved and lead to substantial prejudice to Mr. Carton.  Mr. Wright is clearly free to offer evidence that he and his counsel choose to present in his defense at his own trial; however this should not be permitted at the legal peril of Mr. Carton.

The court in *Shkreli* came to the conclusion that "[a]lthough severing the trial of defendants indicted together is rare, under the extraordinary and unique facts presented here, and in an abundance of caution, the court finds that severance is warranted. In circumstances like these where judicial economy is butting up against a defendant's right to a fair trial, judicial economy must give way to fairness." *Shkreli*, 260 F.Supp.3d at 257.

Mr. Carton respectfully submits that, based on the facts and circumstances presented here, a severance is warranted. Trying Mr. Carton and Mr. Wright together will present a serious risk that Mr. Carton will be denied his constitutional right to a fair trial. The preference for judicial economy is outweighed by Mr. Carton's right to a fair trial and "judicial economy must give way to fairness."

IV.     **CONCLUSION**

For the reasons set forth herein, Mr. Carton respectfully requests this Court, pursuant to

Rule 14(a) of the Federal Rules of Criminal Procedure and the Sixth Amendment of the United

States Constitution, grant a severance of the joint trial.   A joint trial would cause Mr. Carton to

suffer undue prejudice and be denied his constitutional right to a fair trial as he would face two

prosecutors when Mr. Wright presents evidence, including third-party witnesses, exculpating Mr.

Wright and inculpating Mr. Carton.


Dated: New York, New York
       May 18, 2018

                                         By:    Robert C. Gottlieb
                                                Derrelle M. Janey
                                                Seth J. Zuckerman

                                                GOTTLIEB & JANEY LLP
                                                111 Broadway, Suite 701
                                                New York, NY 10006
                                                Tel.: (212) 566-7766
                                                Fax: (212) 374-1506

                                                *Attorneys for Defendant*
                                                *Craig Carton*