USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-                                        17 CR 680 (CM)

CRAIG CARTON and MICHAEL WRIGHT,

                 Defendants.

------------------------------------------------------------x

## DECISION AND ORDER (1) DIRECTING DEFENDANT TO FILE HIS MEMORANDUM OPPOSING THE GOVERNMENT'S MOTION TO QUASH HIS RULE 17 SUBPOENAS PUBLICALLY AND ON NOTICE TO THE GOVERNMENT, AND (2) STAYING COMPLIANCE WITH ALL RULE 17 SUBPOENAS SERVED BY DEFENDANT

McMahon, C.J.:

On August 27, 2018, the Government filed a motion asking this Court to quash three subpoenas defendant Carton had served, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure Rule 17(c), on three third-party entities: (1) the Brigade Leveraged Capital Structures Fund, the "Hedge Fund" identified in the Indictment; (2) Milbank, Tweed, Hadley & McCloy LLP, the law firm representing the Hedge Fund; and (3) the "Brooklyn Sports and Entertainment Company," a.k.a. Barclays Center. (16 CR 370, Government Motion and Memorandum, ECF Documents 67-68). The Subpoenas demand production of various types of documents by September 10, 2018, which is more than six weeks before the October 29 trial date. None of the Subpoenas had been "so ordered" by the court, although the plain language of the Rule states that "the *court*" – and no one else -- may direct that items subpoenaed pursuant to Rule 17 be produced

1

before trial.[1] I am aware that there is some dispute over this issue, but I am guided by the very plain and easily understood language of the Rule itself.

In its motion, the Government argues that the subpoenas should be quashed because they are procedurally improper, substantively overbroad, and unnecessary. The Government also requests a blanket stay of any other Rule 17(c) subpoenas that defendant may have issued.

On August 31, 2018, the defendant delivered to my chambers, but did not file with the Clerk, an *ex parte* memorandum of law opposing the Government's motion and offering reasons why the subpoenas are proper. Carton's memorandum also reveals that he has issued Rule 17(c) subpoenas to four other third parties and explains why it would be improper to quash those subpoenas as well. Carton claims that he had to submit his brief *ex parte* in order to avoid disclosing defense trial strategy to the Government in advance of trial.

The Government somehow learned about the defendant's *ex parte* brief and has today filed a letter motion asking that it be unsealed. (Docket #69).

The Court learned of Carton's memorandum yesterday. Anticipating that I might receive just such a request, I have read the Carton brief. There being no justification for not filing the brief publicly, the Government's motion is granted.

The motion is granted for all the reasons articulated in the Government's letter motion of even date. *See id.*

And it is granted because the reason given for filing *ex parte*—disclosure of some supposedly secret defense trial strategy—does not hold water.

Since the filing of the Indictment, the defense team has made it crystal clear that Carton's defense will be that he was running a legitimate ticket business; that he never intended

---

[1] With all respect to the amazing Clerk of this Court, she is not "the court." She is "the clerk," as referenced in Rule 17(a).

2

to defraud anyone; and that it was he who was duped, by the Government's cooperating witness, Joseph Meli. That representation has been made repeatedly by counsel in open court. Moreover, disclosure that this is Carton's defense strategy has not been limited to court appearances; for example, on August 30, 2018, Mr. Carton publicly stated, in an interview with the *New York Post*, that, "I firmly believe that when the facts come out, *you'll see I was running a legitimate, legal business.*" (A copy of an article about the interview, including the quotation just cited, is attached to this order; emphasis added by the court).

In short, there is nothing secret about the fact Mr. Carton's trial strategy. Therefore, unsealing a brief that contains page after page of discussion about why subpoenaed documents will help prove that Mr. Carton was running a legitimate ticket resale business – which is what the brief says -- does not reveal any heretofore secret trial strategy, as alleged by defense counsel.

The court has briefly, and without the benefit of any targeted response from any party, reviewed Carton's justification, under *United States v. Nixon*, 418 U.S. 683 (1974), for requesting documents from seven separate subpoenaed entities and individuals. At first blush, some of the requests appear to me to be improperly overbroad. Some seem to call for the premature production of Jencks Act or *Giglio* material. Some seem plainly irrelevant. A few strike me as entirely justified and perfectly proper; but based on a very preliminary assessment of the requests, there would be no great burden on the defense if these documents were produced at the outset of trial, as contemplated by Rule 17(c), rather than next week.

It is, however, impossible to make a truly proper assessment of the issue without giving the Government—as well as the subpoenaed entities, should they wish to be heard—an opportunity to respond. And they cannot respond to a brief that they have never seen.

Accordingly, the defendant is directed to file forthwith on the public record a copy of the Memorandum of Law in opposition to the Government's motion to quash, which was delivered to the court *ex parte* on August 31, 2018. If the memorandum has not been filed by tomorrow morning at 9:00 AM, the court will post its own copy on ECF.

Of course, it defendant chooses, in light of this ruling, to withdraw the subpoenas, the brief becomes irrelevant and need not be filed. Carton has until 5:30 PM today to advise the court if the subpoenas are being withdrawn. If the subpoenas are withdrawn, the court will not post its own copy of the brief on ECF.

Given the upcoming religious holidays, which may affect the ability of some of the lawyers associated with this case to work, the Government has until next Friday, September 14, to file a reply to the Carton brief. I do not accept surreplies; this is the Government's motion and it gets the last word.

I am directing the Milbank Tweed law firm, which is one of the subpoenaed parties, to file its own motion to quash, to the extent that it is asserting work product or attorney client privilege as to any documents subpoenaed. That motion must be filed by Friday, September 14. Any response thereto must be filed by Tuesday, September 18— given that the justification for serving Milbank has already been articulated in the brief filed by Mr. Carton, that short date should be easy to meet.

The Government should make all subpoenaed entities with which it is in contact aware of this ruling. If there are any subpoenaed entities who cannot be contacted by the Government, it should advise Carton's attorney, who can serve them with a copy of this decision.

The parties should be aware that this court is selecting a jury in another criminal trial on September 17. We will get this matter decided as quickly as possible, but it will likely not be

overnight. Until there is a decision on the merits, compliance with all seven subpoenas that have been served by Carton is STAYED.

    This constitutes the decision and order of the Court.

September 6, 2018

                                          Chief Judge

BY ECF TO ALL COUNSEL

SPORTS

# Craig Carton returns to NY radio with some shots at WFAN

By Greg Joyce                                                                                                                       August 30, 2018 | 2:34pm



Craig Carton
AP

At least for one day, Craig Carton returned to the New York City airwaves Thursday morning for the first time in nearly a year.

Two months away from his date in federal court, facing charges in a $5.6 million Ponzi scheme, the former WFAN host joined WABC's "Bernie and Sid in the Morning" and reaffirmed his innocence.

"It's very scary, it's the fight of my life," Carton said. "But I'll tell you what I've said to everyone — and that is I'm not guilty and I look forward to my opportunity to lay it out for everybody. I wish I could have. I regret that I didn't early on, but when you hire good lawyers and they tell you what to do, there are times you shut your mouth and do what the lawyers tell you to do.

"I'm not pleading to anything because I firmly believe that when the facts come out, you'll see I was running a legitimate, legal business."

Carton was arrested Sept. 6 last year, caught by the FBI for allegedly ripping off investors for millions in a fraud concert-ticket-reselling business. The former co-host of "Boomer and Carton" was suspended from WFAN that night and resigned a week later, eventually replaced by Gregg Giannotti.

He doesn't seem a fan of the new show

"Take any show on FAN and bring them here [WABC], they're not gonna beat anyone over there [on WFAN] anyway," Carton said "You can put an intern on the air, which it seems like [WFAN] kinda did While ratings have dropped 40 percent, they're still going to do reasonably well

"The show ['Boomer and Gio'] is not as good as it was    When I left, it opened up a void on morning radio in New York City "

**SEE ALSO**

Carton also took a jab at Mike Francesa after Sid Rosenberg told him he was fat but "not Francesa fat "

"No, very few people live to see 65 when you're that big," Carton said

Post arrest, Carton unveiled his own website and interview podcast called, "Hello, My Name Is Craig," but he is itching for a bigger return after the trial

**Craig Carton defends WFAN amid frat-house lawsuit**

"Ego-wise I believe I will have multiple people come to me, and I hope they do," he said "But when it comes out that I'm exonerated and the jury says not guilty, why wouldn't you want to bring back the guy that was the most listened to morning show in New York?

"Do I want to be back on New York radio? You bet your ass I do "

FILED UNDER   **CRAIG CARTON, SPORTS MEDIA, SPORTS RADIO, WFAN**

Recommended by