UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/18
```

-------------------------------------x

UNITED STATES OF AMERICA,

    -against-                                      17 Cr. 680 (CM)

CRAIG CARTON,

                 Defendant.

-------------------------------------x

### DECISION ON THE PARTIES' MOTIONS *IN LIMINE*

McMahon, C.J.:

The court, for its decision on the parties' motions *in limine*:

<u>Government Motions:</u>

The Government's motion for permission to introduce evidence of Carton's gambling related losses is GRANTED, because it is inextricably intertwined with the charged crime and is relevant to the issues of motive and intent. Its probative value is high and the danger of unfair prejudice is *de minimis*, if indeed there is any at all.

The Government's motion for permission to introduce evidence about Carton's use of the gmail account *maytomy2015@gmail.com* is GRANTED, as it is relevant to the existence of the alleged conspiracy between Carton and Meli and shows knowledge, intent and lack of mistake.

The Government's motion for permission to introduce tax-related evidence, including specifically evidence of the failure of Carton and certain entities to file 2016 tax returns, is GRANTED, because it is directly relevant to the charged crimes, specifically to consciousness of guilt. The probative value substantially outweighs any unfair prejudice, the existence of which is dubious.

The Government's motion to preclude Carton from offering evidence of his various good deeds ("prior good acts") is GRANTED, as the evidence is irrelevant to the issue of Carton's guilt or innocence of the charted crimes. Fed.R.Evid. 405(b).

The Government's motion to circumscribe the introduction of character evidence is dealt with as follows: before any character witness will be permitted to take the stand, the defense will

proffer a relevant character trait of Carton's about which the witness can testify (either by testifying that Carton enjoyed a good reputation for the trait or by opinion). As an example, a reputation for or an opinion about honesty would be relevant to the issues in this case; a reputation for or opinion about generosity to charitable causes or helping friends in need would not be relevant to the issues in this case. The Government has moved for a limitation on the number of character witness Carton may call; we will see how many he tries to call before dealing with that issue.

The Government's motion to preclude the defendant from arguing that he had a prior relationship with the Sports and Entertainment Company, pursuant to *United States v. Scarpa*, 913 F. 2d 993, 1010 (2d Cir. 1990), is GRANTED. Absence of criminal activity in the period predating the alleged conspiracy is not relevant to the issue of Carton's guilt or innocence of the charged crimes.[1] *Id.*

The Government's motion to prelude Carton from introducing evidence about his relationships with members of law enforcement and his involvement with charities is GRANTED, as this evidence is not relevant to the issue of Carton's guilt or innocence of the charged crimes.

The Government's motion to preclude the introduction of evidence of the Forbearance Agreement between Carton and the Hedge Fund is GRANTED, as this evidence is not relevant to the issue of Carton's guilt or innocence of the charged crimes.

The Government's motion to preclude the introduction of medical evidence about Carton's well-known medical conditions (Tourette's OCD, ADD) in order to argue that Carton was unable to appreciate the nature and quality or the wrongfulness of his acts. *See* 18 U.S.C. § 17. Obviously, no such argument could be made in the absence of a prior showing that these disorders could impact on Carton's *mens rea*. The defense has not provided expert notice as required by Fed. R. Crim. P 12.2(b), so as far as this court is concerned, the issue of mental disease or defect is not in this case. Should a lay witness mention these conditions, the jury will be instructed that whether Carton has these conditions or not is of no relevance to the issues they must decide and may not be relied on to engender sympathy for him.

The Government's motion to preclude the introduction of evidence that Carton received notification under the Crime Victims' Rights Act in connection with the case against Joseph Meli, who is alleged to be Carton's co-conspirator in this case (and who is the cooperating witness in this case), will be the subject of a hearing at which the Government is free to put on a witness to testify under oath to the innocent explanation that it offers for how this notice ended up being sent to Carton, who had already been was arrested in connection with these proceedings. We will hold that hearing at the Final Pre-Trial Conference.

---

[1] The Government has made no motion with respect to what it anticipates will be a proffer of evidence about the legitimate resale of tickets, so the court feels no need to comment thereon.

The Government's request that the court set a date of October 12, 2018 for defendant's compliance with its reciprocal discovery obligations under Fed. R. Crim. 16(b) is obviously moot, since that date has passed. Reciprocal discovery must be provided by Monday, October 22, 2018. Any expert disclosure, while it would be belated, must also be made by that date. Any *Daubert* hearing that might be required will take place at the Final Pre-Trial Conference.

Defendant's Motions

Defendant's motion to preclude the Government from mentioning any civil lawsuits against Carton on its case in chief is GRANTED.

Defendant's motion to preclude the Government from making use of any evidence pertaining to or obtained during the SEC's parallel investigation into the matters that underlie this indictment is DENIED. The SEC civil complaint is not admissible; the fact that it commenced enforcement proceedings is not admissible; but the Government is free to make use of evidence obtained from the SEC at the upcoming trial.

Defendant's motion to preclude the Government from introducing evidence concerning his failure to file 2016 tax returns is DENIED, for the reasons articulated in granting the corresponding motion *in limine* filed by the Government.

Defendant's motion to preclude the Government from making "pejorative, inflammatory and prejudicial remarks," such as by using the words "Ponzi scheme," "Fraudulent" "Sham" and "fleece," is DENIED. The Government is perfectly free to characterize the conduct about which it offers evidence using these terms; they do not give rise to unfair prejudice such that Fed. R. Crim. P. 403 would preclude their use.

Defendant's motion to preclude the Government from introducing coconspirator statements as "inadmissible hearsay" is DENIED as frivolous. Coconspirator hearsay is admissible. Fed.R.Evid. 801(d)(2)(E). Indeed, "hearsay statements are admissible under the coconspirator exception if the district court makes two findings by a preponderance of the evidence: 'first, that a conspiracy existed that included the defendant and the declarant; and second, that the statement was made during the course of and in furtherance of that conspiracy.'" *See United States v. Desena*, 260 F.3d 150, 157–58 (2d Cir.2001) (quoting *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir.1999)). I have little doubt that the Government will lay the necessary foundation—as it has in every case of this nature tried in my courtroom—before introducing statements made by alleged co-conspirators. Should the defense believe that particular statements cannot fairly be characterized as having been made either during the course of or in furtherance of the charged conspiracy, it may object and the court will rule at that time.

Defendant's motion to preclude the Government from eliciting the fact of any witness' conviction is DENIED as to any witness who testifies and GRANTED as to any witness who does not testify. Moreover, the jury will be instructed, as it always is when cooperator testimony

is introduced, that the cooperator's guilty plea is not evidence of the defendant's guilt and may not be considered against the defendant in any manner. Portions of Meli's plea allocution will come into evidence only if they are introduced by the defense as prior inconsistent statements.

Other Outstanding Requests

1. The defendant's trial subpoena for David Molner has been signed.

2. Defendant's motion to compel the Government to disclose whether Molner is a confidential source has been mooted by the Government's representation that he is not.

3. Defendant's motion to compel the Government to disclose additional confidential sources is DENIED pursuant to *Rovaiaro*.

4. To the extent defendant believes the Government is withholding Brady or Giglio material, all I can do is remind the Government that it acts at its peril if it is later found to have failed to disclose such material.

5. The government takes the position that it has produced all discovery. There is nothing for the court to order.

Dated: October 18, 2018

_____
Chief Judge

BY ECF TO ALL COUNSEL