

Gottlieb & Janey LLP
Trinity Building
111 Broadway, Suite 701
New York, NY 10006
Tel: (212) 566-7766 · Fax: (212) 374-1506
www.gottliebjaney.com
New York · London · Rome

October 23, 2018

**Via ECF**
The Honorable Judge Colleen McMahon
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                **RE:** ***United States v. Craig Carton and Michael Wright*, 17 Cr. 680 (CM)**

Dear Chief Judge McMahon:

      This law firm represents Craig Carton in the above-referenced criminal matter.

      We write in response to the Government's letter dated October 21, 2018 (the "Government's Letter")[1] regarding the Court's decision and order dated October 19, 2018 (the "Court Order"). Specifically, in response to the Court Order concerning a hearing on the victim notification letters received by Mr. Carton ("Victim Notification Letters"), the Government response, in sum and substance, describes its "innocent explanation" for Mr. Carton's receipt of the letters. We submit that the Government's "*mea culpa*" misses the point and actually gives rise to more questions that warrant a hearing surrounding the circumstances of how these Victim Notification Letters were sent to Mr. Carton and how the FBI created the list of Joseph Meli's victims (the "Spreadsheet") in the first place. The facts surrounding Agent Sweeney's investigation and creation of the Spreadsheet identifying Mr. Carton as a victim of Mr. Meli had not been turned over to the defense prior to the Government's Letter. Most troubling, this information only surfaced following the Government's motion *in limine* and the Court's Order requiring a hearing on the issue.

      The Government attempts to excuse its conduct by characterizing the Victim Notifications Letters sent to Mr. Carton and entities associated with him as a "mistake" and, therefore, according to the Government, should simply be disregarded. That position overlooks the salient issue that this information, namely that Special Agent Sean Sweeney—the same case agent in Mr. Carton's case—swore out the criminal complaint against Mr. Carton after he had compiled a spreadsheet of all of Joseph Meli's victims, shortly after Mr. Meli's arrest, which included Mr. Carton on the list of victims.

---

[1] On October 23, 2018, AUSA Elisha Kobre submitted a sworn declaration in support of the Government's Letter.

We submit that the Government is not providing the Court with a full set of facts about this issue. At a September 18, 2017 court conference in *United States v. Meli*, following a request from Meli's counsel to identify the alleged victims of Meli, AUSA Kobre stated "with respect to records from victims, we actually--not trying to hide the ball, we created folders with the names of the victims and put the records that were obtained from those victims into those folders." *See United States v. Meli*, 17 Cr. 127, ECF No. 69 at 7-8 (KMW) (S.D.N.Y. Sept. 18, 2017). Meli's counsel later filed a motion for a bill of particulars in which they stated that the electronic discovery production from the Government included only 12 total folders or sub-folders identifying "victims" in the "Ticket Investment Scheme" and stated that one of these folders identified and related to Mr. Carton. *Id.*, ECF No. 75 at 5. Thus, in addition to the Spreadsheet created by Agent Sweeney, the Government's discovery production in Meli's case also identified Mr. Carton as a victim. These facts further support the necessity for a hearing.

The Government incorrectly claims that Mr. Carton seeks to introduce the Victim Notification Letters as a prior inconsistent statement by a Government attorney or admission of a party opponent. First, Mr. Carton does not seek to introduce the Victim Notification Letters under the hearsay exception as a prior inconsistent statement or admission of a party-opponent, but rather under the general relevance standard for admissibility pursuant to FRE 402 and 403. Second, Mr. Carton may seek to call the author of the Victim Notification Letters. More importantly, based on the newly revealed information in the Government's Letter, Mr. Carton may seek to call Agent Sweeney regarding the contents of his investigation that led him to rightly conclude that Mr. Carton was a victim of Mr. Meli, which ultimately led to the creation of the Victim Notification Letters.

Mr. Carton respectfully submits the Victim Notification Letters, as well as the circumstances surrounding Agent Sweeney's creation of the Spreadsheet and the discovery produced in Meli's case identifying Mr. Carton as a victim, should be admissible at trial. Further, the Government should be ordered to disclose all documents related to Agent Sweeney's Spreadsheet and the Government's discovery production in Meli's case which identified Mr. Carton as a victim. Lastly, the hearing scheduled for the Pre-Trial Conference should proceed and Mr. Carton respectfully requests that the Court order the Government to produce Agent Sweeney and any other witnesses associated with the factual background set forth above.

Thank you for the Court's consideration.

Respectfully submitted,

GOTTLIEB & JANEY LLP

By: _____
Robert C. Gottlieb
Derrelle M. Janey
Seth J. Zuckerman

cc: All Counsel of Record (via ECF)