# GARFUNKEL WILD, P.C.
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

JOHN G. MARTIN
Partner
Licensed in NY
Email: jmartin@garfunkelwild.com
Direct Dial: (516) 393-2214

FILE NO.:   09277.0043



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/2021

March 12, 2021

**By FedEx**

Chief Judge Colleen McMahon
United States District Court Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

RECEIVED
MAR 15 2021
CHAMBERS OF
COLLEEN McMAHON

Re:   United States v. Craig Carton (17-Cr-0680)

Dear Judge McMahon:

    We represent Dukal Corporation and its owner Gerard LoDuca. As you may recall from Craig Carton's 2018 trial, Mr. LoDuca was a victim of Carton's investment fraud, and he lost all of his $450,000 advance to Mr. Carton. Shortly before sentencing Mr. Carton paid a very small part of that debt, and the Court ultimately ordered Carton to pay Mr. LoDuca $435,449 in restitution. (ECF # 86 [Restitution Order]). In the Restitution Order the Court directed that, upon his release from custody, Carton pay 15% of his gross income toward his total restitution amount in the case, $4,835,186.56. Despite the Court's sentence of 42 months, after serving approximately one year in custody Carton was released on June 23, 2020.

### The Law

    The purpose of this letter is to advise the Court, pursuant to 18 U.S.C. § 3664, of Mr. Carton's changed financial circumstances since then entry of the restitution order, and we believe his current circumstances should persuade the Court to adjust the payment schedule accordingly. 18 U.S.C. § 3664(k) provides that:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim,

---

NEW YORK          NEW JERSEY          CONNECTICUT

Chief Judge Colleen McMahon
March 12, 2021
Page 2

adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

### The Material Change In Mr. Carton's Economic Circumstances

At the time Mr. Carton was sentenced, and the Restitution Order was entered, he was almost surely destitute. The Court noted at sentencing that Carton had "lost everything worth having: Career, respect, emotional and financial security for your family." (Sentence Tr. At p. 38, ECF # 191). While we do not have access to Mr. Carton's financial disclosures at that time, of the Pre-Sentence Report, we know that less than 2 months after he was released from prison, Mr. Carton filed a Petition for Bankruptcy in the United States Bankruptcy Court for the District of New Jersey. His Petition reflected that at that time he had over $7 million in debt and he earned $4,333 per month, or about $50,000 per year, working at Street Smart Video in lower Manhattan. Surely these dire economic circumstances did not arise only after Mr. Carton reported to prison.

At the sentencing hearing Mr. Carton told the Court, referring to his victims Mr. LoDuca and Mr. DelGaudio, "I have reached out to both of them personally over the last 19 months to apologize, to apologize for being cavalier with their hard earned money, and to pledge without reservation to make them whole financially if not emotionally." (Sentence Tr. At p. 30).

The Court expressed skepticism that Carton would be able to finance his promised repayment through a return to the lucrative world of sports radio, given that Mr. Carton was planning to become a public spokesperson for the cause of preventing gambling addiction: "Will sports radio give you a platform to undercut its biggest new source of advertising income? It's not for me to decide. I think there might be some magical thinking going on here." (Sentence Tr. At p. 50). Although the Court's reasoning was well founded, time has shown that the Court may have underestimated the media industry's need for big name celebrities to draw audiences.

On November 9, 2020, Carton returned to WFAN as a radio host. As reported on the WFAN website, Mr. Carton has teamed with Evan Roberts to host the station's highly desirable five hour prime time "Afternoon Drive Time" radio show from 2-7 pm, 5 days a week.[1] Notably, Carton has already achieved dramatic ratings success, and is now being considered for another, morning radio show on the Major League Baseball Network.[2] It has been stated in the news that when Mr. Carton was co-hosting the Boomer and Carton show, Carton made as much as $2 million some seasons.[3] While his current salary has not been made public, and it may not match his prior

---

[1] https://www.radio.com/wfan/sports/craig-carton-returning-to-wfan-on-carton-and-roberts-show

[2] https://www.silive.com/sports/2021/02/report-wfans-carton-roberts-already-challenging-michael-kay-espn.html
and
https://awfulannouncing.com/mlb/craig-carton-may-host-mlb-network-morning-show.html

[3] https://www.sportscasting.com/craig-carton-made-over-2-million-per-year-then-lost-it-all-in-a-ponzi-scheme/

**GARFUNKEL WILD, P.C.**

6008104v.3

Chief Judge Colleen McMahon
March 12, 2021
Page 3

peak, it almost surely represents a dramatic upswing in Carton's economic circumstances compared to the day he stood before the Court for sentencing.

However, as of this date, Mr. LoDuca has received no restitution payments whatsoever, despite the fact that Mr. Carton was released nine months ago and he's been working for WFAN for five months. More importantly, as demonstrated above, Mr. Carton's economic circumstances have undoubtedly changed materially. Free of all of his pre-bankruptcy debt (except for the restitution amounts, which are not dischargeable in bankruptcy), Mr. Carton has landed what is almost surely an extremely lucrative job, which would enable him to make a realistic effort at restitution.

**Relief Requested**

There can be little doubt that a modification of the Court's Restitution Order pursuant to 18 U.S.C. § 3664(k), is called for. Even if Mr. Carton is now making $1 million dollars per year, on the current schedule of 15% of income it will take him over 30 years to complete his restitution obligations. Particularly for individual victims like Mr. LoDuca, this is cold comfort. As the Court told Carton regarding the money he stole, "some of that money has subsequently been repaid; a little more has been repaid in recent weeks. And that's a good thing, and part of your sentence will be to repay the rest of it." (Sentence Tr. At p.40). At the current schedule that result is nearly impossible.

We ask the Court to direct the Department of Probation to obtain, pursuant to the Conditions of Carton's sentence (*See* Judgment at p. 5, ECF # 187), a full and current statement of Carton's economic circumstances. Based on that information we ask the Court to consider:

- Ordering that the restitution is now due in full;

- Modifying the restitution order to require Carton to pay an amount, or on a schedule that will be reasonably likely to lead to a significant recovery by the victims;

- Modifying the restitution order to give priority to the individuals Mr. DelGaudio and Mr. LoDuca, who personally lost substantial sums, over Brigade Capital Management, an entity with over $25 billion in assets and whose loss represents one tenth of one percent of that amount;

- Permitting counsel for Mr. LoDuca to review Carton's Financial disclosures in order to have further meaningful input into the restitution process.

**GARFUNKEL WILD, P.C.**

6008104v.3

Chief Judge Colleen McMahon
March 12, 2021
Page 4

    Mr. Carton appears to have made a remarkable comeback from where he found himself two years ago. He served less than 1/3 of the prison sentence imposed, and he will be able, through bankruptcy, to wipe away millions of dollars in debt. Most importantly, he has returned to the lucrative world of prime time sports talk shows. It is only fair that, having served a minimal jail term despite having committed a very serious offense, Mr. Carton should at least be required to make good on his promises to his victims and to the Court that he would repay what he stole.

                                                 Respectfully submitted,

                                                 /s/

                                                 John G. Martin

JGM:js

cc:    AUSA Elisha Kobe (via email)

GARFUNKEL WILD, P.C.

6008104v.3