

📱 212-566-7766
✉ djaney@thejaneylawfirm.com
📍 The Janey Law Firm LLP 111 Broadway,
Suite 701, New York 10006

March 19, 2021

**Via ECF**
The Honorable Chief Judge Colleen McMahon
Chief United States District Judge
Southern District of New York
The Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

                **RE:**    *United States v. Craig Carton and Michael Wright*, **17 Cr. 680 (CM)**

Dear Judge McMahon:

      This law firm represents Craig Carton in the above-referenced criminal matter. Your Honor, we write today in response to the letter submitted by Dukal Corporation and its owner, Gerard LoDuca, to the Court dated March 12, 2021 (ECF NO. 200)[1] and, in particular, its request that this Court modify its April 5, 2019 order (the "Restitution Order") to accelerate payments to victims in this case. For the reasons described herein below, we object to the application.

      It is beyond cavil that, pursuant to 18 U.S.C. § 3664(k), Your Honor has discretion to make any modifications to the payment schedule for restitution payments to victims. Nevertheless, here, on balance, the question is whether such a modification is warranted, even though Mr. Carton, now thankfully, has a job with WFAN by which he can repay his victims.

      First, following the trial, Mr. Carton has demonstrated, objectively, his intentions to repay the victims of this case, including Gerard LoDuca and Ron Del Gaudio. As the Court is aware, prior to sentencing, Mr. Carton issued **two payments of $25,000 to each of them**. (*See* Sentence Tr., at 6:15-18, 8:24-25; ECF NO. 191). Attached hereto as **Exhibits A** and **B** are copies of the checks issued to Gerard LoDuca and Ron Del Gaudio, respectively, in April 2019 that were drawn against undersigned counsel's law firm's client trust account.

      Second, once Mr. Carton became employed again by WFAN in November of 2020, before he was required to begin making payments in accordance with the Restitution Order, Mr. Carton made additional restitution payments. Attached hereto as **Exhibits C** and **D** are photographs of the receipts of Mr. Carton's voluntary restitution payments on January 29, 2021 and February 26, 2021, respectively. As the Court knows, Mr. Carton begins supervised release on June 9, 2021. Thirty days thereafter, Mr. Carton is required to make monthly payments of 15% of his gross

---

[1] This letter was received by the Court on March 15, 2021.

monthly income. Mr. Carton will continue to make "voluntary" payments between now and then and, of course, adhere to this Court's existing Restitution Order.

There is no reason to believe that Mr. Carton will fail to fulfill these obligations, which are conditions of his supervised release. If nothing else, given the high-profile nature of his situation, his life depends on making investors whole.

Further, Mr. LoDuca has already received substantial assurance that Mr. Carton will repay him. Even though Mr. Carton is obligated to repay Mr. LoDuca in accordance with the Restitution Order, Mr. LoDuca has spent the past four months suing Mr. Carton in an adversary proceeding in the United States Bankruptcy Court for the District of New Jersey (Case No. 20-19781; Adv. Proc. No. 20-01599) (the "Adversary Proceeding"). The parties were ultimately able to resolve the Adversary Proceeding by a stipulation (the "Stipulation"). Attached hereto as **Exhibit E** is a copy of the Stipulation. In the Stipulation, Mr. Carton sought to give Mr. LoDuca comfort that he would be paid by promising that he would not disclaim his obligation to Mr. LoDuca in his bankruptcy proceeding and would make payments to Mr. LoDuca in accordance with the Restitution Order. However, despite having spent weeks with Mr. Carton's bankruptcy counsel negotiating and finalizing the Stipulation, Mr. LoDuca's letter to the Court conveniently makes no mention of it. Considering the Stipulation, Mr. LoDuca's instant application to Your Honor that Mr. Carton's restitution obligations with respect to him be accelerated and given priority is not made in good faith.

Mr. Carton is still managing the many obligations that were described to the United States Probation Office and informed his sentencing, including the liens on his personal residence, child support payments and meeting the needs of his four children. Thankfully, Mr. Carton's current job at WFAN permits him to meet those obligations as well as those of the victims in this case in the fair and equitable manner prescribed in Your Honor's Restitution Order.

With regard to Mr. LoDuca's request that he, in effect, take the place of the United States Probation office to review Mr. Carton's financial disclosures, we respectfully submit that such a request is not appropriate. To the extent that there is ever any question about Mr. Carton's income, there is already a judicially supervised mechanism in place in accordance with Mr. Carton's supervised release to ensure the veracity of the information he provides and to monitor that situation.

Finally, it is also worth noting that Mr. Carton has already started to take significant steps toward fulfilling his community service work. Namely, since January of this year, Mr. Carton has hosted a Saturday morning program on WFAN called "Hello, My Name is Craig".[2] In this thirty-minute show, Mr. Carton leads an essential and timely discussion on gambling and the perils of gambling addiction.

Given the facts and circumstances described herein, we respectfully submit that no

---

[2] *See "Hello, My Name is Craig" to premiere Saturday, Jan. 9 at 9:30 AM on WFAN*, radio.com/wfan (January 7, 2021), https://www.radio.com/wfan/sports/hello-my-name-is-craig-premieres-at-9-30-am-on-wfan; *Craig Carton's other WFAN show is surprisingly good*, nypost.com (February 19, 2021) https://nypost.com/2021/02/19/craig-cartons-wfan-gambling-radio-show-is-surprisingly-good/.

adjustment to the Restitution Order's payment schedule is warranted.

Thank you for the Court's consideration and assistance.

                                                                Respectfully submitted,

                                                                THE JANEY LAW FIRM LLP

                                                          By:   /s/ Derrelle M. Janey
                                                                     Derrelle M. Janey, Esq.

cc:    Elisha Kobre, Esq.
        Jonathan J. Bressor, USPO

