UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-                                        17 Cr. 680 (CM)

CRAIG CARTON AND
MICHAEL WRIGHT,

             Defendants.

---------------------------------------------------------------x

### RESPONSE TO THE LETTER AT DOCKET NUMBER 214

McMahon, J.:

    I often tell my law clerks that no case ever ends. Herewith the proof of the pudding.

    The court has received a letter, dated today, from counsel for Mr. Carton, asking that I exercise my continuing authority to enforce my own orders by directing Jonathon Davidoff, the former counsel for Mr. Carton's co-defendant, Mr. Wright, to cease and desist from violating the protective order that was entered back in 2017 in this long-closed criminal matter. Mr. Janney insists that Mr. Davidoff is using discovery from this matter that is shielded by the protective order in connection with a lawsuit arising out of the same facts as this criminal case, which is pending in the New York State Supreme Court.

    As a technical matter, Mr. Janney is correct: Mr. Davidoff should have approached the court and asked to be relieved from the protective order if he wanted to use materials that are governed by the protective order. No such motion has ever been made. Unless there has been no violation, this is, to say the least, troubling.

    Of course, for now, of course, all I have is Mr. Janney's word for the fact that there has been a violation of the protective order, though it does seem that he has some evidence to that effect. I will, therefore, treat Mr. Janney's letter as a motion to enforce the terms of the protective order, and I will give Mr. Janney ten business days to supplement his rather perfunctory letter with a fuller set of motion papers and a memorandum of law explaining both (i) why violations have occurred and (ii) why it is still necessary that the protective order entered in connection with the criminal case remain in force. The papers should be served on Mr. Davidoff and on the United States Attorney for the Southern District of New York, which has an interest in whether the protective order continues in force (I doubt the U.S. Attorney has much interest in whether Mr. Carton is held civilly liable in the lawsuit mentioned by Mr. Janney, but one never knows).

Mr. Davidoff will then have fourteen business days to respond to the motion. He should address both the accusation that he has violated the terms of the protective order (which would subject him to sanctions from this court) and the issue of whether the protective order should continue to remain in effect.

Messers. Kobre and Quigley, who tried this case many years ago, are no longer in the United States Attorney's office. Institutional memory may, therefore, be diminished – although I believe that restitution is still being made to the victims who were identified to the court at sentencing. AUSA Harmon, who stood up when we had a post-sentencing issue relating to Mr. Carton's bankruptcy, is still in the office. In any event, I really could use some input from the Government on whether there is any reason to continue this very old, cold protective order in place. I am copying both Mr. Harmon and Daniel Gitner, Chief of the Criminal Division, on this letter, in the hope of obtaining some input from the Government.

Mr. Janney may have ten business days to reply.

This court's authority is, of course, limited to the enforcement of its orders. Nothing in this response should be construed as suggesting that I will be interfering with a matter pending before some other judge in a different court.

Dated: January 30, 2023

_____
U.S.D.J.

BY ECF TO:

Darelle Janey, Esq.
Jonathon Davidoff, Esq.
Scott Harmon, Esq.
Daniel Gitner, Esq. (in his capacity as Chief of the Criminal Division, USAO/SDNY)